## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

In re:                                          Chapter 7
                                                Case No. 08-12228
Jarod D. Disanto                                Honorable Arthur N. Votolato
Kristin A. Disanto

      Debtors

_____/

## MOTION OF WASHINGTON MUTUAL BANK FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Washington Mutual Bank, a creditor in the above captioned Chapter 7 proceeding, moves this

Court for an Order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy

Procedure, for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a

Mortgage which it holds on real property known and numbered as 500 Carrs Pond Road, East

Greenwich, Rhode Island.  In support of its motion, Washington Mutual Bank states the

following:

1.   On January 31, 2008, Kristin DiSanto executed a note to Washington Mutual Bank, FA in the

original principal amount of $417,000.00 (the "Note").

2.   The Note is secured by a mortgage given by Kristin Desanto and Jarod Disanto to

Washington Mutual Bank, FA, dated January 31, 2008 (the "Mortgage").  The Mortgage is a first

mortgage on real property owned by the Debtors known and numbered as 500 Carrs Pond Road,

East Greenwich, Rhode Island (the "Property").

3.   Washington Mutual Bank, formerly known as Washington Mutual Bank, FA, is the current

holder of the Note and the Mortgage.

4.    On July 21, 2008, the Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

5.    As of August 18, 2008, the arrearage owed by the Debtors on the Note is $8,425.40, which consists of 3 monthly payments (June 2008 through August 2008) of $2,500.13 each, late charges in the amount of $125.01, and attorney fees and costs incurred in filing and prosecuting this motion in the amount of $800.00.  Washington Mutual Bank estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment and late charge will come due and owing.

6.    There is no other collateral securing the obligation.

7.    According to Schedule D, the fair market value of the Property is $600,000.00.  Washington Mutual Bank estimates that the liquidation value is no greater than $564,000.00, which is the market value minus 6% for the cost of sale.

8.    According to Schedule C, the Debtor is claiming an exemption on the property in the amount of $71,828.34 pursuant to GL § 9-26-4.1.

9.    According to Schedule D, Countrywide Home Loans has a lien on the property in the amount of $112,004.00.

10.    As of August 18, 2008 the total outstanding balance owed on the Note is $424,190.25.

11.  The total amount of encumbrances on the Property is $536,194.25.

12.  Washington Mutual Bank is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtors have not made payments pursuant to the Note and Mortgage.

WHEREFORE, Washington Mutual Bank moves that the court enter an Order granting

Washington Mutual Bank relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it,

and its successors and assigns, may exercise its rights pursuant to the Note and Mortgage in

accordance with applicable state and federal law, and may commence a summary process action

against occupants of the Property.  Washington Mutual Bank moves that entry of the Order shall

be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).


Washington Mutual Bank
By its attorneys,


Date:   August 18, 2008


/s/ Jessica Rodger
Jessica Rodger, Esq.
RI #6960
Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196
Phone: (617) 502-4100
File Number: 362.4180
In Re Jarod D. Disanto
Kristin A. Disanto
Chapter 7
Case No. 08-12228

**Within ten (10) days after service as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 528-4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**